UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HUNG NAM TRAN,

    Plaintiff,

  v.                                     Case No. 08-C-228

ROBERT S. KRIZ, KIMBERLY M. ROBERTS,
JENNIFER HIELSBERG,

    Defendants.

**ORDER**

Plaintiff Hung Nam Tran, who is serving a civil commitment at the Wisconsin Resource Center ("WRC") in Winnebago County, Wisconsin, under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), has filed a motion seeking reconsideration of the court's March 21, 2008 screening order, in which the court denied his motion for a temporary restraining order and dismissed all but one of his claims. Tran contends that the court's order failed to address his claim that the defendants maintained a "policy of permitting physical assault and sexual battery upon patients" at WRC. He also claims that the court erred in dismissing his claim that his constitutional rights have been violated because he is subject to transfer out of WRC. For the following reasons, Tran's motion to reconsider will be granted in part and denied in part.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388

(7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Tran claims that the court failed to address his claim that the defendants maintained a policy of permitting physical and sexual assault of patients at WRC. However, no such claim was alleged in Tran's complaint. The only portion of the complaint which mentions physical or sexual assault is his statement that defendant Kriz refused to report his complaint that he had previously been sexually assaulted to the proper authority, and accused Tran of fabrication. According to Tran, a trial court in Winnebago county issued judgment on his behalf with regard to the matter.[1] It is unclear whether this prior litigation addressed the issue of Kriz's failure to report, or just the sexual assault itself. In any event, Tran mentioned his belief that Kriz failed to properly handle his earlier complaint of sexual assault as evidence of his claim that Kriz was likewise deliberately indifferent his claim that "the conduct exercised by Roberts constituted patients abuse." (Compl. ¶ 20.) He did not assert it as an independent claim, nor did he allege in any other portion of the complaint that the defendants maintained a policy of permitting assaults. As the court held in its screening order, Tran's allegation that Roberts sexually harassed him, even if true, does not rise to the level of a

---

[1] Tran fails to note that according to the Wisconsin Circuit Court Access website, the default judgment against the staff members was reopened and vacated on July 17, 2007. http://wcca.wicourts.gov/caseDetails.do;jsessionid=FEAD0592E3FEA72C56D4AA0C3E6BE63E.render2?caseNo=2006SC004367&countyNo=70&cacheId=4297A9213D2FA33B447BF5CE23C50919&recordCount=2&offset=0. (visited on April 18, 2008)

2

constitutional violation. It follows that Kriz's alleged deliberate indifference to the incident does not state a claim.

Tran also claims that the court erred in dismissing his claim that his constitutional rights were violated because he was "subject to" transfer to Sand Ridge Secure Treatment Center. Although he now acknowledges that he has no constitutional right to be housed at a particular facility, Tran now claims he is awaiting transfer to Sturtevant Transitional Facility, then to Dodge Correctional Institution. He claims that his transfer to a correctional institution amounts to punishment, and that he has a constitutional right to be housed in a mental health institute rather than a correctional institution. These allegations also present a new claim that is significantly different than the one presented in his complaint. A plaintiff "cannot raise a new claim for the first time in a motion to reconsider." *Glass v. Martin*, 2007 WL 2155865, *1 (N.D. Ind. 2007). In addition, the Seventh Circuit has already addressed this issue, stating,

> Does placement in a prison, subject to the institution's usual rules of conduct, signify punishment? The answer, given by *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), is no. Wolfish held that pretrial detainees, who like civil committees may be held for security reasons but not punished, may be assigned to prisons and covered by the usual institutional rules, which are designed to assure safety and security.

*Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003).

Tran also now alleges that his pending transfer is in retaliation for his complaints about the defendants. While this claim is not explicit in his complaint, the facts alleged are sufficient to support it. Tran alleged that defendant Kriz systematically removed residents from WRC and transferred them to another institution "whenever a complaint or grievance is exercised through the courts or to the Wisconsin Department of Health and Family Services." (Compl. ¶ 44.) As a

3

general proposition, a prisoner's grievances about prison conditions are protected, and an allegation that an institution retaliated against an inmate for filing grievances by transferring him to another institution is sufficient to state a claim. *See Walker v. Thompson*, 288 F.3d 1005, 1007, 1009 (7th Cir. 2002); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). I therefore conclude that the complaint is sufficient to state such a claim here. Accordingly, the motion for reconsideration will be granted to allow Trans retaliation claim to go forward. In all other respects it is denied.

**IT IS THEREFORE ORDERED** that Tran's motion for reconsideration is granted in part and denied in part.

Dated this   18th   day of April, 2008.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge