UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HUNG NAM TRAN,

    Plaintiff,

v.                                      Case No. 08-C-228

ROBERT S. KRIZ and KIMBERLY M. ROBERTS,

    Defendants.

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

    Plaintiff Hung Nam Tran, who is serving a civil commitment at the Wisconsin Resource Center ("WRC") in Winnebago County, Wisconsin, under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), has filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Tran currently has two claims against the defendants. The first is that defendant Kritz denied him his First Amendment rights by not allowing him to receive certain catalogues and magazines. The other claim is that the defendants unconstitutionally retaliated against Tran by transferring him to another institution as retaliation for his filing grievances. Tran moves for judgment on the pleadings on the retaliation claim, asserting that the defendants' answer to his complaint contains an admission entitling him to judgment as a matter of law. Defendants opposed the motion. For the following reasons, Tran's motion for judgment on the pleadings will be denied.

    A motion to dismiss under Rule 12(c) challenges the sufficiency of the pleadings in the complaint. *See* Fed. R. Civ. P. 12(c). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South*

*Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). Like Rule 12(b)(6) motions, a Rule 12(c) motion "should not be granted unless it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *N. Ind. Gun*, 163 F.3d at 452. All well-pleaded facts are assumed to be true, and all such facts as well as the reasonable inferences therefrom are viewed in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).

When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(c), the court generally must either convert the motion into one for summary judgment under Fed. R. Civ. P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(c). *Omega Healthcare Investors, Inc. v. Res-Care, Inc.*, 475 F.3d 853, 856 n. 3 (7th Cir. 2007). "A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (citation omitted). The documents which may be judicially noticed include matters of public record. *Id*.

Here, Tran asks the Court in his reply brief to take judicial notice of a document he submitted which he claims is the finding of facts and conclusion of law by Judge Mayumi M. Ishii. (Dkt. # 24-1.) It is not clear who Judge Ishii is or what exactly this document is. It appears to be a page from a longer decision by an administrative law judge. In any event, it is unclear whether it is actually a matter of public record. Tran offers the document to support his claim that Judge Ishii found there was no sex offender treatment available to him at either the WRC or the Sandridge

2

Secure Treatment Facility. He contends that the decision undercuts any claim that he was transferred to a DOC facility for refusal to take the required treatment, presumably as evidence the transfer was retaliatory.

I decline to convert this motion for judgment on the pleadings into a motion for summary judgment. The one-page excerpt of a decision that Tran has submitted in his reply is not properly authenticated and thus is not properly part of the record. I therefore decline Tran's request that I take judicial notice of it. Even if it is what Tran purports it to be, however, the record is still not sufficient to grant his motion for judgment as a matter of law. The defendants' acknowledgment that Tran was transferred back to a DOC correctional institution does not establish that this resulted from an act of unconstitutional retaliation. The reason for Tran's move to another institution is far from undisputed. The facts must be construed in favor of the defendants, the nonmoving party, and the facts as alleged before the Court at this stage in the proceedings do not demonstrate that there are no material issues of fact to be resolved. *N. Ind. Gun*, 163 F.3d at 452. As it is not "beyond doubt" that the defendants "cannot prove any facts" which would entitle them to a favorable judgment, Tran's motion must be denied. *Thomason,* 888 F.2d at 1204.

**THEREFORE IT IS ORDERED** that Tran's motion for judgment on the pleadings is **DENIED**.

Dated this   12th   day of November, 2008.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge